FOURTH JUDICIAL DISTRICT
COUNTY OF GUADALUPE
STATE OF NEW MEXICO

HARVEY MELVEN BERG,

    *Plaintiff*

vs.        Cause No.: D-424-CV-2022-00007
                Aragon, Michael A.

AMARILLO TOWING, INC.,
And RUSSEL G. RADNEY,

    *Defendants*

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

COMES NOW Plaintiff HARVEY MELVEN BERG complaining of AMARILLO TOWING, INC. (hereinafter referred to as Defendant "AMARILLO TOWING") and RUSSEL G. RADNEY (hereinafter referred to as Defendant "RADNEY") and for a cause of action would show this Honorable Court as follows:

### I.    PARTIES AND JURISDICTION

1.    Plaintiff HARVEY MELVEN BERG is a resident of Minnesota.

2.    Defendant AMARILLO TOWING, INC. is a foreign corporation doing business in Guadalupe County, New Mexico and may be served with process by serving its registered agent DOTProcessAgents.com LLC c/o Trucking Compliance & Permitting at 5142 N. Prince St., Clovis, NM 88101, and/or wherever it may be found.

3.    Defendant RUSSEL G. RADNEY is a non-resident of New Mexico who has subjected himself to the jurisdiction of the courts of this state pursuant to NMSA § 38-1-16 and may be served with personal service at 3009 S. Van Buren St., Amarillo, TX 79109 and/or wherever he may be found.

4. The acts and omissions complained about occurred in Guadalupe County, New Mexico and therefore, venue is proper in this Court. Further, this Court has subject matter jurisdiction because New Mexico state district courts are courts of general jurisdiction. This Court has personal jurisdiction, both specific and general, over Defendants because their unlawful and tortious acts giving rise to this suit occurred in New Mexico and because they continuously and systematically do business in New Mexico by operating commercial motor vehicles through the highways of New Mexico.

## II.   GENERAL ALLEGATIONS

5. The injuries and damages suffered by Plaintiff that made the basis of this action arose out of an occurrence on or about January 21st, 2020 in Guadalupe County, New Mexico off of Interstate 40 at a Pilot Travel Center near Santa Rosa, NM.

6. At such time and place, Defendant RADNEY was operating a wrecker/tow truck for and/or under the control of Defendant AMARILLO TOWING. Accordingly, Defendant RADNEY was in the course and scope of his employment with and/or under the control of Defendant AMARILLO TOWING at the time of this incident.

7. At such time and place, Plaintiff was operating a commercial motor vehicle when it broke down. Plaintiff reached out to a dispatch service which called Defendants who then showed up with a replacement commercial motor vehicle at the Pilot Travel Center near Santa Rosa, NM.

8. Plaintiff informed Defendant RADNEY that he had materials and equipment inside the broken-down commercial motor vehicle that he had to transfer into the replacement commercial motor vehicle before the broken-down commercial motor vehicle could be towed away.

9. Defendant RADNEY acknowledged Plaintiff's request and confirmed it would not be an issue as it would take some time to hook up the broken-down commercial motor vehicle to the wrecker/tow truck.

10. As Plaintiff was finishing transferring the items from the broken-down commercial motor vehicle, Defendant RADNEY, without warning, began raising the broken-down commercial motor vehicle while Plaintiff was still standing on it, causing him to fall to the ground, dislocating his hip, fracturing his pelvis, and causing other injuries to his body.

11. The incident caused severe and permanent injuries to Plaintiff. Plaintiff suffered damages because of the above occurrence, which proximately caused his injuries.

### III.   NEGLIGENCE OF DEFENDANT RADNEY

12. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

13. Under New Mexico law, "[e]very person has a duty to exercise ordinary care for the safety of the person and the property of others." *See Tafoya v. Rael Excavation Co.*, 145 N.M. 4, 193 P.3d 551, 554-55 (2008); *see also Calkins v. The Cox Estates*, 110 N.M. 59, 792 P.2d 36, 40 (1990) ("New Mexico law recognizes that there exists a duty assigned to all individuals requiring them to act reasonably under the circumstances according to the standard of conduct imposed upon them by the circumstances.")

14. Under New Mexico law, "[t]he question of the existence and scope of a defendant's duty of care is a legal question that depends on the nature of the [activity] in question, the parties' general relationship to the activity, and public policy considerations" and "[p]olicy is the principal factor in determining whether a duty is owed and the scope of that duty." *See, e.g., Edward C. v. City of Albuquerque*, 148 N.M. 646, 241 P.3d 1086, 1090-91 (2010), *citing to Torres v. State*, 119 N.M. 609, 612, 894 P.2d 386, 389 (1995).

15. Under the circumstances of this case, Defendant RADNEY owed a duty to exercise ordinary care for the safety of others, including Plaintiff. Defendant breached his duty of care to Plaintiff in one or more of the following ways:

   a. Failure to use due care in operating a wrecker/tow truck.
   b. Failure to apply the brakes or stop the lifting mechanism.
   c. Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
   d. Operating a commercial vehicle/wrecker/tow truck in the United States without reasonable qualifications, training, testing, and experience.
   e. Failure to follow procedures for safe wrecker/tow truck operation.
   f. Failure to perform a proper visual search prior to beginning the wrecking/towing operation.
   g. Failure to give warning of the lifting, wrecking, or towing procedure.
   h. Failure to make sure the wrecked/towed vehicle was free of occupants.
   i. Failure to understand hazardous scenarios and conditions.
   j. Other acts of negligence that may be ascertained in discovery of this case.

16. One or more of the foregoing acts or omissions of Defendant RADNEY constituted negligence under New Mexico law, which was a proximate cause of the injuries that have made the basis of this cause of action. Alternatively, one or more of the foregoing act or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages that would not have been sustained but for one or more of the foregoing acts or omissions.

### IV. DIRECT NEGLIGENCE OF DEFENDANT AMARILLO TOWING

17. Plaintiff realleges the foregoing paragraph as if fully set forth herein.

18. Pleading alternatively, and without waiving the foregoing, under the circumstances of this case, Defendant AMARILLO TOWING owed a duty to exercise ordinary care for the safety of others. Defendant AMARILLO TOWING breached its duty of care to Plaintiff and is directly negligent in one or more of the following ways:

   a. Operating a commercial motor vehicle in the United States without properly qualifying a driver under the Federal Motor Carrier Safety Act.
   b. Failure to properly educate, instruct, and supervise Defendant RADNEY in the performance of his duties.

c. Failure to supply adequate and reasonably competent drivers and workers.
d. Failure to provide adequate training to its drivers in the operation of a commercial motor vehicle/wrecker/tow truck.
e. Failure to train its drivers to operate commercial motor vehicles/wrecker/tow truck in accordance with the laws, ordinances, and regulations of the State of New Mexico.
f. Negligence in hiring, supervising, and/or retaining Defendant RADNEY. *See* UJI 13-1647.
g. Negligent entrustment of a commercial motor vehicle/wrecker/tow truck to Defendant RADNEY. *See* UJI 13-1646.
h. Failure to exercise reasonable care in the selection and monitoring of its drivers and wrecker/tow truck operators.
i. Failure to provide training that meets industry standards.
j. Failure to provide proper safety manuals and instructions to drivers and wrecker/tow truck operators.
k. Failure to enforce safety policies, if any, that were provided to its drivers and wrecker/tow truck operators.
l. Other acts of negligence that may be ascertained in discovery of this case.

19. One or more of the foregoing acts or omissions of Defendant AMARILLO TOWING constituted negligence under New Mexico law, which was a proximate cause of the injuries to Plaintiff. Alternatively, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

### V. RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT AMARILLO TOWING

20. Pleading alternatively, and without waiving the foregoing, Defendant RADNEY was the employee or agent or Defendant AMARILLO TOWING at the time of the occurrence. Therefore, Defendant AMARILLO TOWING is liable for any wrongful act or omission of Defendant RADNEY. *See* UJI 13-405. Alternatively, and without waiving the foregoing, Defendant AMARILLO TOWING was the "statutory employer" under the Federal Motor Carrier Safety Regulation and thus liable for the acts and omissions of Defendant RADNEY.

5 | P a g e
*Harvey Melvin Berg v. Amarillo Towing, Inc., et. al.*
PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

## VI. DAMAGES

21. As a result of the occurrence, Plaintiff suffered bodily injuries.

22. As a further result of the occurrence, Plaintiff has incurred medical expenses for medical care, attention, and other related expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

23. As a result of the occurrence, Plaintiff has suffered loss of earning capacity in the past and will continue to suffer loss of earning capacity in the future. Plaintiff was prevented from working and has a future loss of earning capacity.

24. Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

25. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer pain and suffering in the future.

26. Plaintiff has suffered emotional distress in the past. Plaintiff will continue to suffer emotional distress in the future.

27. As a result of the occurrence, Plaintiffs has suffered impairment in the past and will continue to suffer impairment in the future.

28. Plaintiff has suffered disfigurement in the past and will continue to do so.

29. Plaintiff has suffered damage to the value and enjoyment of his life and will continue to do so.

30. As Defendants' acts or omissions proximately caused the above stated damages, Plaintiff is entitled to recovery of such damages from Defendants.

## VII.   PUNITIVE DAMAGES

31.   Under New Mexico law, Plaintiff is entitled to punitive damages because of Defendants' reckless, wanton, willful, and/or gross negligently conduct. As noted earlier, the risk of injury defines Defendants' duties under New Mexico law.  *See* UJI 13-1603 ("As the risk of danger that should be reasonably foreseen increases, the amount of care required also increases."); *Cross v. City of Clovis*, 107 N.M. 251, 254, 755 P.2d 589, 592 (1988). The greater the risk, the greater the duty to avoid that risk through reasonable measures, and whether the risk of injury is great, the degree of conduct sufficient to demonstrate a culpable mental state to warrant the imposition of punitive damages is less:

> [A]s the risk of danger increases, conduct that amounts to a breach of duty is more likely to demonstrate a culpable mental state. The circumstances define the conduct; a cavalier attitude toward the lawful management of a dangerous product may raise the wrongdoer's level of conduct to recklessness, whereas a cavalier attitude toward the lawful management of a nondangerous product may be mere negligence.

*Clay v. Ferrellgas, Inc.*, 118 N.M. 266, 269, 881 P.2d 11, 14 (1994); UJI 13-1827 Committee Comment ("[T]he risk of danger by the…tortfeasor's conduct is valid consideration in determining whether the conduct rises to the level of recklessness necessary to show a culpable mental state."). Thus, as the risk of danger increases, the conduct that amounts to breach of duty is more likely to demonstrate sufficient culpable mental state to support the imposition of punitive damages. *McNeill v. Rice Engineering and Operating, Inc.*, 2003-NMCA-078, 133 N.M. 804, 70 P.3d 794. A negligent defendant's utter indifference to the safety of others is a sufficient basis for imposing punitive damage under New Mexico law.  *DeMatteo v. Simon*, 112 N.M. 112, 812 P.2d 361 (N.M. App. 1991).

32.   The risk of danger involved in this incident is extremely great, as wrecker/tow trucker operations are commonly known to result in death or serious injury. Despite this,

Defendants utterly disregarded industry standards, the laws of New Mexico, and the safe operation of a commercial motor vehicle/wrecker/tow truck.

33. The acts or omissions of Defendants, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, and their demonstrated indifference to the public on the roadways is sufficient to impose an award of punitive damages under New Mexico law.

34. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless, wanton, willful, and/or grossly negligent conduct, in order to set an example for others that such conduct will not be tolerated.

## VIII.  JURY DEMAND

35. Plaintiff respectfully requests trial by jury of the issues in this case.

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff has judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest, punitive damages, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is entitled.

*~Signature page follows~*

8 | P a g e
*Harvey Melvin Berg v. Amarillo Towing, Inc., et. al.*
PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

*/s/ James D. Tawney*
**JAMES D. TAWNEY**
NM. Bar No.: 142518
**CONNIE J. FLORES**
NM State Bar No.: 26531
1485 N. Main, Ste. B
Las Cruces, NM 88001
Phone: (575) 222-1000
Facsimile:(575) 652-4752
JTawney@FTAlawfirm.com
CFlores@FTAlawfirm.com
*Attorneys for Plaintiff*

*Harvey Melvin Berg v. Amarillo Towing, Inc., et. al.*
PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES